UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
JUDNA P. MARTINE,                                           :
                                                            :
               Plaintiff,                                :
                                                            :    **MEMORANDUM DECISION AND**
      -against-                                           :    **ORDER**
                                                            :
AFNI, INC,                                                  :    21-cv-1899 (BMC)
                                                            :
               Defendant.                                :
                                                            :
----------------------------------------------------------- X

**COGAN**, District Judge.

        In this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, the facts can be simply stated: defendant collection company sent plaintiff a dunning letter on a debt she did not owe. The letter identified the "original creditor" as "State Farm Bank, F.S.B.", but plaintiff never heard of State Farm Bank, never did any business with it, and never owed it any money. Nor has plaintiff ever heard of defendant collection company.

        Defendant has defaulted, and the Clerk has noted its default upon the docket pursuant to Federal Rule of Civil Procedure 55(a). Before me is plaintiff's motion for entry of default judgment under Rule 55(b).

        As an initial matter, "[o]nce default has been entered, the allegations of the Complaint that establish the defendant's liability are accepted as true, except for those relating to the amount of damages." J & J Sports Prods., Inc. v. Bimber, No. 07-CV-590, 2008 WL 2074083, at *1 (W.D.N.Y. May 14, 2008) (citation omitted). However, "where the damages sought are not for a sum certain, the court must determine the propriety and amount of the default judgment." Id. (citing Fed. R. Civ. P. 55(b)(2)). Although the court can conduct an inquest as to damages, that is not necessary where the damages are ascertainable from the proof that the plaintiff has

submitted or where statutory damages are sought.  See Greyhound Exhibitgroup, Inc. v. E.L.U.I. Realty Corp, 973 F.2d 155, 158 (2d Cir. 1992).

The allegations in the complaint sufficiently state a claim under 15 U.S.C. §§ 1692g, 1692g(a)(1) and (2), 1692e, 1692e(2)(A), and 1692e(10).  Trying to collect a debt that is not and never was owed is a quintessential violation of the FDCPA.  See generally Vangorden v. Second Round, Ltd. P'ship, 897 F.3d 433, 438-43 (2d Cir. 2018).  If there was any defense to this claim, defendant forfeited it by its default.

The statute provides for up to $1000 per violation, 15 U.S.C. § 1692k(a)(2)(A), and plaintiff seeks $500 due to the absence of aggravating factors (although the violation itself seems pretty aggravated), which is reasonable.  The statute also provides for an award of attorneys' fees in favor the prevailing party.  15 U.S.C. § 1692k(a)(3).  Here, plaintiff seeks attorneys' fees of $3430 and costs of $487 (filing fee and process server) for a total of $3917.  That is based on $400 per hour for the senior partner, and plaintiff's counsel has reduced rates charged by more junior attorneys, who performed administrative work, to the paralegal rate of $100 per hour.  These are reasonable rates for an FDCPA case in this district.  The total amount of time expended in securing this default judgment motion is 9.7 hours, including the motion for default judgment, which is also reasonable, especially considering the high quality of the motion.

Plaintiff's motion for a default judgment is granted.  Judgment will be entered separately as required by Fed. R. Civ. P. 58(a) in the amount of $500 in damages and $3917 in attorneys' fees and costs for a total of $4417.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
      July 6, 2021